MAINLAND INDUSTRIES,
INC., Appellant,

v.

STANDAL'S PATENTS LTD., and Roder-
ick E. MacDonald, as Executor of the
Estate of George M. Standal, Appellees.

Appeal No. 86–667.

United States Court of Appeals,
Federal Circuit.

Aug. 20, 1986.

Raymond E. Scott, Cullen, Sloman, Cantor, Grauer, Scott & Rutherford, P.C., Detroit, Mich., argued, for appellant. With him on brief was Ralph T. Rader.

J. Robert Cassidy, Hughes & Cassidy, P.S., Sumas, Wash., argued, for appellees.

Before MARKEY, Chief Judge, and FRIEDMAN and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Mainland Industries, Inc. (Mainland) appeals from the judgment of the United States District Court for the District of Oregon, No. Civ. 81–928–BE which found the U.S. patents Nos. 3,190,326 ('326) and 3,282,312 ('312) of Standal's Patents Ltd. not invalid, enforceable and infringed by Mainland's chipper machines, cutters and knives. We affirm.

## BACKGROUND

### Procedure

Mainland filed a declaratory judgment action on October 2, 1981, against Roderick E. MacDonald, as executor of the estate of George M. Standal (Standal), and Standal's Patents Ltd. (collectively referred to as Standal's Patents) requesting a declaration of invalidity, unenforceability and non-infringement of the patents in suit. Standal's Patents filed its answer to the complaint and counterclaimed, alleging infringement of the '326 and '312 patents, false marking under 35 U.S.C. § 292(a), violations of the United States antitrust laws, and unfair competition. Upon motion of Mainland, the counterclaims for false marking on the knife blade, alleged antitrust violations and unfair competition were dismissed. The counterclaim for false marking in advertising brochures remained an issue for trial.

The issues of invalidity, unenforceability and infringement of the patents in suit and the remaining false marking counterclaim were tried to a jury. During the course of the trial, the trial judge admitted into evidence, over Mainland's objection, a videotaped deposition of Standal taken shortly before his death, during Canadian litigation

for patent infringement filed by Standal's Patents against Mainland's Canadian parent, Bow Valley Resource Services, Ltd.

The jury returned the verdict in the form of answers to twenty-three interrogatories, and found that the patents in suit were not invalid, were enforceable and infringed by Mainland, and that Mainland committed false marking in its advertising brochures. Mainland moved at the appropriate times for a directed verdict and a judgment notwithstanding the verdict (JNOV), or in the alternative, for a new trial. These motions, denied by the district court, were directed to several issues:

(1) whether, as a matter of law, litigation in a foreign jurisdiction cannot constitute reasonable excuse for delay in alleging infringement;

(2) whether there was substantial evidence to support the jury's findings that Mainland infringed, that no inequitable conduct occurred before the U.S. Patent and Trademark Office (PTO), and that Mainland practiced false marking in its advertising brochures; and

(3) whether the videotaped testimony of Standal should have been excluded from the evidence.

## OPINION

In this case we are not reviewing a "naked" general verdict, but a verdict accompanied by Rule 49(b), Fed.R.Civ.P., answers to interrogatories which assist our review in determining whether there is substantial evidence to support the jury's findings. The motions for JNOV or new trial are reviewed in connection with the appeal from the judgment entered on the verdict. *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1512, 220 USPQ 929, 935 (Fed.Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984).

### Denial of the JNOV Motion

This court has outlined the analysis that the trial judge must perform in considering a motion for JNOV. The trial judge (1)

must consider all the evidence in a light most favorable to the non-mover, (2) must not determine credibility of witnesses, and (3) must not substitute his choice for that of the jury's in deciding between conflicting elements in the evidence. *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893, 221 USPQ 669, 672 (Fed. Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984); *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1546, 220 USPQ at 197 (Fed.Cir.1983).

In order to convince this court that the trial judge erroneously denied the JNOV motion, Mainland must show that the jury's findings, presumed or expressed, were not supported by substantial evidence, *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 227 USPQ 435, 436 (Fed.Cir.1985); *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 758, 221 USPQ 473, 477 (Fed.Cir.1984); *see also Railroad Dynamics*, 727 F.2d at 1513, 220 USPQ at 936; *Perkin-Elmer*, 732 F.2d at 893, 221 USPQ at 673, or that the trial judge abused his discretion in permitting the jury to consider the Canadian litigation as a factor bearing on the reasonableness of the delay. *See Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 742, 220 USPQ 845, 850 (Fed.Cir.1984).

### A. Laches and Estoppel

■ In order to assert the defense of laches successfully Mainland must prove (1) unreasonable and unexcusable delay in the assertion of the claim and (2) material prejudice resulting from the delay. *Leinoff*, 726 F.2d at 742, 220 USPQ at 850. Laches, however, bars only the right to recover pre-filing damages.[1] *Id.* On the other hand, equitable estoppel bars claims for patent infringement if Mainland committed itself to act, and acted as a direct consequence of the conduct of Standal's Patents. *See Young Engineers, Inc. v. ITC*, 721 F.2d 1305, 1317, 2 Fed.Cir. (T) 9, 23 (1983) (estoppel to assert patent rights requires (1) unreasonable and inexcusable delay, (2) prejudice to the defendant, (3) affirmative conduct by patentee inducing belief of abandonment of claims against the alleged infringer, and (4) detrimental reliance by the infringer); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1559, 219 USPQ 377, 383 (Fed.Cir.1983) (estoppel by implied license cannot arise out of unilateral expectations or even reasonable hopes of one party); *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.*, 726 F.2d 724, 220 USPQ 841 (Fed.Cir.1984) (five year silence alone is not enough to give rise to estoppel).

■ Once the delay in asserting infringement exceeds six years, the burden of proof shifts from the alleged infringer to the patentee to prove the existence and reasonableness of the excuse and to show lack of injury. *Leinoff*, 726 F.2d at 742, 220 USPQ at 850. This shifting of the burden of proof does not, however, change the nature of the inquiry, which remains essentially a fact specific inquiry determined in light of facts of each case. *Leinoff*, 726 F.2d at 742, 220 USPQ at 850; *see also Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540, 1550, 221 USPQ 1, 10 (Fed.Cir.1984).

The thrust of Mainland's position is that Standal's Patents is barred under the doctrines of laches and estoppel from asserting patent infringement for two reasons: (1) litigation outside the United States is no excuse for delay, and (2) Mainland is prejudiced by the delay due to the death of many persons with actual knowledge of the facts and the unavailability of certain documents due to the lapse of time. This second assertion remains unsupported by any facts.

In carrying its burden of proof, Standal's Patents submitted evidence both to show the delay was justified, and that Mainland was not prejudiced by the delay. Mainland in rebuttal offered no evidence of additional investment in the business, increased advertising expenses, improvements made to its equipment or any other change in reliance upon Standal's Patents' delay. The jury was instructed that other patent litigation could not excuse the delay in pursuing the patent infringement claim unless

---

1. The damages award is not appealed.

Mainland understood Standal's Patents' intention to pursue its patent rights. These instructions were not objected to.

■ The trial judge reviewed the jury's findings on laches and estoppel and found them supported by substantial evidence. We agree with the conclusion of the trial judge: Mainland has failed to set forth how the jury's findings on laches and estoppel are not supported by substantial evidence. Moreover, we are unwilling to say as a matter of law that litigation in non-United States forums cannot be considered in determining excusable delay [2] and on the factual record of this case, it was not an abuse of discretion to allow the jury to consider that foreign litigation.

## B. *Remaining Issues*

Mainland argues that there is no substantial evidence to support the jury findings on inequitable conduct, infringement and false marking. We have considered Mainland's arguments and have carefully reviewed the evidence relied upon at trial, and conclude that the findings on inequitable conduct, infringement, and false marking are supported by substantial evidence. No error in the jury instructions is presented. It was with these instructions that the jury answered twenty-three interrogatories, including separate questions for each element of these issues. "Determining the weight and credibility of the evidence is the province of the trier of fact." *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 856, 102 S.Ct. 2182, 2189, 72 L.Ed.2d 606, 214 USPQ 1, 7 (1982).

## Denial of the Motion for New Trial

■ Appellate review of a motion for new trial is conducted on an abuse of discretion standard. *Railroad Dynamics*, 727 F.2d at 1512, 230 USPQ at 935. Mainland argued on its motion for a new trial, and urges to this court on appeal, that prejudicial error occurred in permitting the jury to view the videotaped deposition from the Canadian litigation of Standal who was very ill at the time of taping. "The Federal Circuit reviews procedural matters that are not unique to patent issues under the law of the particular regional circuit court where appeals from the district court would normally lie." *Panduit Corp. v. All States Plastic Manufacturing Co.*, 744 F.2d 1564, 1574–75, 223 USPQ 465, 471–72 (Fed.Cir.1984) (motion to disqualify law firm from representing opposing party); *see also Chemical Engineering Corp. v. Essef Industries, Inc.*, 795 F.2d 1565 (Fed. Cir.1986) (award of expenses under Fed.R. Civ.P. 37(c)); *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 228 USPQ 927 (Fed.Cir.1986) (propriety of order quashing subpoena in discovery matter). Application of the rules of evidence is a procedural matter and under Ninth Circuit law remains within the discretion of the trial judge. *United States v. Ordonez*, 737 F.2d 793, 811 (9th Cir.1984).

The trial judge admitted Standal's out-of-court statements under the Rule 804(b)(1), Fed.R.Evid., exception to the bar against the admission of hearsay, Rule 802. Rule 804(b)(1) provides:

> Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a

---

**2.** One commentator has noted: "The case law is unclear on the status as an excuse for delay of administrative and other types of proceedings involving the validity of the patent or the patentability of the underlying invention. Such proceedings might include an interference, an application for reissue, a reexamination, or conceivably even an agency or court action in a foreign country concerning the same invention and similar issues of fact and law. On policy gounds [sic], it would seem that such proceedings should be treated similarly to other litigation. Thus, under appropriate circumstances and subject to the notice requirement applied to litigation, such proceedings should constitute a qualified excuse for delay." 4 D. Chisum, *Patents*, § 19.05[2], at 19–178 (1985) (footnotes omitted).

civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Standal was unavailable because of his death. The trial judge found that, although different patents were involved, the issues raised in the Canadian litigation were substantially similar to the issues raised in the present litigation and that Mainland's parent company possessed requisite interest, opportunity and motive to develop the issues fully on cross-examination. The deposition was taken under oath and the trial judge regarded it as sufficiently trustworthy to be used to ascertain the truth. Compliance with the law of the Canadian proceeding is not contested. *See Barker v. Morris,* 761 F.2d 1396, 1399 (9th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 814, 88 L.Ed.2d 788 (1986) (admissibility of videotape deposition of unavailable witness in criminal prosecution is determined by whether there has been an adequate showing that the videotaped testimony had specific guarantees of trustworthiness and, though inadmissible under the California Evidence Code, the testimony would have been admitted under Fed.R. Evid. 804(b)(5)), *see also United States v. King,* 552 F.2d 833, 841–42 (9th Cir.1976), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977) (discussion of use of photographic or electronic presentation of testimony compared to stenographic transcript and live testimony).

Mainland failed to indicate how the trial judge abused his discretion in permitting the jury to view the deposition and we find none. Since Mainland asserts prejudice in the admission of the videotape without delineating an evidentiary rule that excludes the admission, we view this request under Fed.R.Evid. 403 which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The decision to exclude evidence under Rule 403 is within the sound discretion of the trial judge and is a decision made on a case by case basis by balancing the probative value of the evidence against its prejudicial harm. *United States v. Rubio,* 727 F.2d 786, 798 (9th Cir.1983). In addition to exercising his discretion appropriately at trial, the trial judge found, on Mainland's motion for a new trial, that in fact, there was no indication that the jury was unduly influenced by sympathy for Standal and his wife. *See also United States v. McCollum,* 732 F.2d 1419 (9th Cir.), *cert. denied,* 469 U.S. 920, 105 S.Ct. 301, 83 L.Ed.2d 236 (1984) (not an abuse of discretion to admit portions of videotaped hypnosis session for purposes of demonstrating basis for hypnotist's opinion and excluding portion in which party recited his "enhanced memory" version of facts); *see generally Durflinger v. Artiles,* 727 F.2d 888 (10th Cir.1984) (in civil wrongful death action, not an abuse of discretion to admit videotaped confession of murder by the accused); *compare Foster v. Crawford Shipping Co., Ltd.,* 496 F.2d 788 (3d Cir. 1974) (reversible error to admit videotape of discussion between injured party and his attorney for purpose of establishing prognosis for recovery). Error may not be predicated on an evidentiary ruling unless a substantial right of the party is affected. *See Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613, 627, 225 USPQ 634, 643 (Fed. Cir.), *cert. dismissed,* — U.S. ——, 106 S.Ct. 340, 88 L.Ed.2d 326 (1985). The trial judge did not abuse his discretion in either permitting the jury to view the videotaped deposition or in denying the motion for new trial.

Based on the foregoing discussion, the judgment is affirmed.

AFFIRMED.