The **DEWEY ELECTRONICS CORPORATION, Plaintiff,**

v.

**MONTAGE, INC., Defendant,**

and

**Snow Machines Incorporated, Intervenor-Defendant.**

**Civ. No. 85–0090.**

United States District Court, M.D. Pennsylvania.

April 10, 1987.

Ernest D. Preate, Scranton, Pa., for defendant Montage.

John M. Calimafde, Paul T. Meiklejohn, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for intervenor-defendant S.M.I.

### MEMORANDUM

HERMAN, District Judge.

Presently before the court is the motion of Snow Machines Incorporated ("S.M.I.") to conduct a scheduled trial of the issues of laches and estoppel before the bench, and not before a jury. Dewey Electronics has subsequently moved the court to try the case before a jury. The motions after full briefing are ripe for our disposition. For the reasons set forth herein, we shall grant S.M.I.'s motion and deny Dewey's motion.

### I. BACKGROUND

The plaintiff initiated this patent infringement action with the filing of a complaint on January 23, 1985, and by Order entered on January 15, 1987, we bifurcated the trial of this action. *See* doc. #119. The first part, a trial before a jury of the issues of validity, infringement, and enforceability of the patents-in-suit, commenced on January 26, 1987. After a two-week trial, the jury returned a special verdict in favor of Dewey and against Montage and S.M.I. By Order and Judgment filed on February 6, 1987, in accordance with the answers rendered by the jury in response to questions submitted to it, we entered judgment in favor of Dewey and against Montage and S.M.I. on the issues of validity, infringement, and enforceability. We have recently scheduled a trial on

the issues of laches and estoppel, two defenses raised by S.M.I., with the trial to commence on April 29, 1987.

On March 3, 1987, S.M.I., arguing that laches and estoppel are equitable defenses, moved the court to try the laches and estoppel issues without a jury. Dewey in opposing this motion counters that S.M.I. originally envisioned a jury trial on these two defenses, and S.M.I. changed its position only after the jury returned a special verdict against it during the initial infringement/validity/enforceability trial. Dewey also contends that controlling Federal Circuit precedent has recognized that a jury may be used to return a special verdict on the laches and estoppel issues. In its reply brief, S.M.I. again argues that the issues to be tried are equitable in nature, and hence should be tried before a court, and that at most, Dewey and S.M.I. would be entitled to try the laches and estoppel issues before an advisory jury, *see* Fed.R.Civ.P. 39(c), whose findings would not be binding on the trial court. *See Wilson v. City of Aliceville,* 779 F.2d 631, 635–36 (11th Cir.1986). Arguing that the use of an advisory jury would not foster the interests of justice and judicial economy, S.M.I. urges that a trial on the issues of laches and estoppel before the bench is expeditious and thus furthers judicial economy. Dewey's final salvo consists of the argument that the jury to be used at the laches and estoppel trial already has had the opportunity and responsibility at the first trial to assess the credibility of two witnesses, James VanderKelen and Gordon C. Dewey, who will likely be key witnesses at the second trial, *i.e.,* the laches and estoppel trial. Dewey also argues that the Federal Circuit has endorsed the use of juries to make binding factual findings with respect to laches and estoppel defenses in other patent cases. *See Mainland Indus. v. Standal's Patents, Ltd.,* 799 F.2d 746, 748–49 (Fed.Cir.1986); *Jamesbury Corp. v. Litton Indus. Prods.,* 756 F.2d 1556, 1557 n. 2 (Fed.Cir.1985).

## II. DISCUSSION

■ The merger in 1938 of actions of law and in equity in a single "civil action," *see* Fed.R.Civ.P. 2, did not destroy the distinction between these two actions in determining the right to a jury trial. *Kennedy v. Lakso Co.,* 414 F.2d 1249, 1251 (3d Cir. 1969). Under Rule 38(a) of the Federal Rules of Civil Procedure, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." This Rule "did not alter the principle that a civil action in the nature of an action at law was triable by jury and one in the nature of an action in equity was not triable by jury." *Kennedy,* 414 F.2d at 1251 (footnote omitted) (citing *Bellavance v. Plastic-Craft Novelty Co.,* 30 F.Supp. 37 (D.Mass.1939)). The defenses of laches and estoppel are inherently of an equitable nature. *J.P. Stevens & Co. v. Lex Tex Ltd.,* 747 F.2d 1553, 1561 (Fed.Cir.1984) ("Paragraph (1) [of 35 U.S.C. § 282] includes 'equitable defenses such as laches, estoppel and unclean hands.'") (citation omitted), a conclusion not disputed by Dewey. *See* Plaintiff's Brief in Opposition to S.M.I.'s Motion for a Non-Jury Trial on Laches and Estoppel, at p. 7 ("Laches and estoppel are equitable defenses ..."). Because of the equitable nature of the issues to be tried, we conclude that neither Dewey nor S.M.I. has a right to a jury trial under Rule 38(a) on the issues of the laches and estoppel.

■ Our analysis does not end with our conclusion that a right of trial by jury of the laches and estoppel issues does not exist under the Constitution or statutes of the United States. Under Rule 39(c) of the Federal Rules of Civil Procedure, if an action is not triable of right by a jury, the court nevertheless, *with the consent of both parties,* may "order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." Fed.R.Civ.P. 39(c). S.M.I., however, has expressly refused to consent to such a trial, and we shall not order it to be so tried.

Nor are we persuaded by Dewey's argument that the Federal Circuit has endorsed the use of juries as finders of fact in connection with the defenses of laches and estoppel. Although the Federal Circuit in *Mainland Indus. v. Standal's Patents,*

*Ltd.,* 799 F.2d 746 (Fed.Cir.1986) implicitly affirmed (by not explicitly rejecting) a district court's use of a jury's findings of fact in connection with these two defenses, the *Mainland* decision is not particularly helpful in deciding the issue before us. No where to be found in the *Mainland* opinion is a holding, or even a discussion, about the *right* of a party under Rule 38(a) to a jury trial on these issues. Indeed, in *Mainland* it is quite possible that the parties at the trial level consented to a jury trial on *all* issues, legal or equitable, as would be their prerogative under Rule 39(c), thus obviating any need for the district court to decide the issue of whether a party was entitled by right to a jury trial. In the absence of S.M.I.'s consent in the case *sub judice,* we must make that decision, and we find *Mainland* to be of little assistance in this endeavor.

 Although we have concluded that Dewey has no right to a jury trial on the laches and estoppel issues, and that S.M. I.'s lack of consent to a jury trial prevents us from using a jury to make determinative findings of fact, we must still decide whether to try these issues with an advisory jury. *See* Fed.R.Civ.P. 39(c). "As its name suggests, an advisory jury merely advises. Its findings of fact are not binding on the trial court. Indeed, the trial court is free to adopt its findings in whole or in part or to disregard them altogether. The ultimate responsibility for finding the facts remains with the court." *Wilson,* 779 F.2d at 635–36 (citation omitted).

Weighing carefully the interests of justice and the interests of judicial economy, we will decline to impanel an advisory jury for the trial of the laches and estoppel issues. With respect to the mechanics of a bench trial versus the mechanics of a jury trial, Dewey concedes that a jury trial's requirements of openings, summations and jury instructions would be replaced by a trial brief in a bench trial, with a concomitant saving of judicial resources. Dewey's argument that a bench trial would require us to make findings of fact and conclusions of law, which would be avoided if jury answered special interrogatories, fails in

the context of a trial before an advisory jury, for if we were to disregard the advisory court's findings in whole or in part, we would have to make findings of fact, thus nullifying the savings of time and resources claimed by Dewey.

Dewey also argues that because two likely witnesses in the laches and estoppel trial, James VanderKelen and Gordon C. Dewey, testified before the jury in January, and thus the jury had the opportunity and responsibility to assess their credibility. Although Dewey may be correct in predicting that their credibility will be called into question at the second trial, we are confident that we will be able to discharge properly our function as the finder of fact, including assessments of the credibility of the witnesses before us.