835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JACUZZI, INC., d/b/a Jacuzzi Whirlpool Bath, Plaintiff-Appellant,
v.
KOHLER CO., Defendant/Cross-Appellant.
 Nos. 86-1510, 86-1511.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1987.
 
 Before MARKEY, Chief Judge, RICH and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal and cross-appeal from a final judgment of the United States District Court for the Northern District of California, No. C-85-2368 SW (April 15, 1986), entered on a jury verdict, declaring that U.S. Patent No. Des. 265,582 (the '582 patent), owned by Kohler Co., is "valid," but that the accused bathtubs manufactured by Jacuzzi did not infringe the claimed design. We affirm the judgment of noninfringement. We do not address the issue of validity and vacate that part of the judgment.
 
 OPINION
 
 2
 Kohler's '582 patent claims a design for a bathtub. Following receipt of a cease and desist letter asserting that Jacuzzi's ARTISTA model tub infringed the patented design, Jacuzzi filed a declaratory judgment action against Kohler alleging that the '582 patent was invalid and, in any event, was not infringed by Jacuzzi's assertedly different bathtub design. Kohler counterclaimed for infringement seeking damages and an injunction against further infringement. The action was tried before a jury. In answer to specific questions submitted to it by the court, the jury upheld the validity of the patent but found that the accused Jacuzzi tubs did not infringe. Jacuzzi moved for judgment notwithstanding the verdict (JNOV) on the validity issues which was denied. Kohler filed no JNOV motion. Both parties appeal.
 
 Kohler Appeal No. 86-1510
 
 3
 Kohler prefaces its arguments on the district court's evidentiary rulings as follows:
 
 
 4
 The trial court's erroneous exclusion and admission of significant evidence substantially influenced the jury's determination. Rule 103 of the Federal Rules of Evidence provides that a judgment must be reversed where the erroneous admission or exclusion of evidence has affected a substantial right of a party. A substantial right has been affected where the erroneously excluded or admitted evidence might have altered the jury's views.
 
 
 5
 Appellee's Brief at 13-14. It then goes on to challenge (1) the admission of a Jacuzzi exhibit and (2) the exclusion of a market survey.
 
 
 6
 This court "review[s] procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie." Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1574-75, 223 USPQ 465, 471 (Fed.Cir.1984). The district court's application of the rules of evidence in this case is a procedural matter and, therefore, will be reviewed under Ninth Circuit law. Mainland Indus., Inc. v. Standal's Patents Ltd., 799 F.2d 746, 749, 230 USPQ 772, 774 (Fed.Cir.1986).
 
 
 7
 The '582 patent claims the design of an hour-glass shaped tub with grip handles and a fill spout mounted on a vertical wall of the tub. Kohler introduced as its exhibit of the accused device a white Jacuzzi tub with no spout or other trim. Jacuzzi was allowed to introduce a brown tub not only with a spout, but also with other trim. The spout for the Jacuzzi tub is mounted on the tub apron. The tub has no grip handles.[1]
 
 
 8
 Kohler asserts that the district court erroneously admitted the Jacuzzi tub with trim into evidence, but does not specify any evidentiary rule that would have excluded it. The closest Kohler comes to a substantive argument is its repeated statements throughout its briefs that the Jacuzzi tub with trim was not "accused" of infringement. We take this to mean that the Jacuzzi tub with trim was not relevant evidence.
 
 
 9
 The court considered the admissibility of the evidence in an unreported conference. On the record, the court briefly explained its ruling as follows:
 
 
 10
 I said the spout should be there since the patent had a spout. You said, well, it is sold without a spout. I said let the jury see it both ways.
 
 
 11
 Appellant's Appendix at 542. We agree with the court that the accused tub with the spout was relevant evidence to be considered by the jury, given the features of the claimed design.
 
 
 12
 A decision to admit or exclude relevant evidence because of "the danger of unfair prejudice, confusion of the issues, or misleading the jury" is a matter left to the discretion of the trial court. Fed.R.Evid. 403; United States v. Layton, 767 F.2d 549, 553 (9th Cir.1985); United States v. Rubio, 727 F.2d 786, 798 (9th Cir.1984). Kohler has failed to argue, much less convince this court, that the district court's evidentiary ruling constituted an abuse of discretion. In any event, the court's ruling is well within the bounds of discretion.
 
 
 13
 We also see no merit in the argument that the jury was improperly permitted to view the patent diagram side-by-side with the Jacuzzi tubs. Nothing in the law requires that the jury determine infringement by merely glancing at each exhibit separately.
 
 
 14
 Kohler's second argument on an evidentiary matter relates to the trial court's refusal to allow Kohler's expert to testify concerning a proffered market survey which, per Kohler, shows consumer confusion between the accused tub and the patented design. The court rejected this evidence on the ground, inter alia, that the survey questions did not "go correctly to the issues" and that the matter was "something that the jury can conclude itself, without help from an expert, because the standard is one of average people who would be acquiring this device and not the opinion of an expert person in the field." Appellant's Appendix at 536.
 
 
 15
 Kohler argues that the evidence about the survey should have been admitted, and the weight to be given to it left to the jury. Jacuzzi argues, inter alia, that the survey did not pose the proper test set forth in Gorham Co. v. White, 81 U.S. 511, 528 (1872) and did not incorporate the "appropriation of novelty requirement" of Litton Systems, Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444, 221 USPQ 97, 109-10 (Fed.Cir.1984). Even assuming the survey may have had some relevance, we hold that it was within the discretion of the district court to exclude the proffered survey and testimony. See Fed.R.Evid. 403 and 803(24).
 
 
 16
 Finally, Kohler criticizes the district court for allegedly misinterpreting the legal test for infringement of a design patent. The court's understanding was reflected in its jury instructions on infringement to which Kohler raised no objection. The propriety of the jury instructions was improperly raised for the first time during oral argument before this court. See Fed.R.Civ.P. 51. Kohler cannot sit idly by while the judge instructs the jury and, on appeal, present arguments that must, under Rule 51, be raised as objections to the instructions at the trial. See Structural Rubber Prods. Co. v. Park Rubber Co., 749 F.2d 707, 713-14, 223 USPQ 1264, 1268-69 (Fed.Cir.1984); Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp., 739 F.2d 604, 615, 222 USPQ 654, 662 (Fed.Cir.), cert. denied, 469 U.S. 1038 (1984).
 
 Jacuzzi Appeal No. 86-1511
 
 17
 There is no showing or argument that the conflict between these parties goes beyond the particular ARISTA model tub accused of infringement. In view of our affirmance of the judgment that Jacuzzi does not infringe, the issue of the validity or invalidity of the '582 patent raised in Jacuzzi's declaratory judgment action is not addressed. Accordingly, we vacate the judgment insofar as it holds that "United States Patent No. D265,582 is valid."