856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WILSA, INCORPORATED d/b/a Optacryl, Inc., Plaintiff-Appellant,
v.
SYNTEX (U.S.A.) INC. and Syntex Ophthamalics, Inc. d/b/a
Sola-Syntex Ophthamalices, a division of Sola USA,
Inc., and Pilkington Brothers plc,
Defendants-Appellees.
 No. 88-1151.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1988.
 
 Before FRIEDMAN, BISSELL and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Wilsa, Incorporated d/b/a Optacryl, Inc. (Wilsa) appeals the judgment of the United States District Court for the District of Arizona, Nos. 84-260, 85-910 (Dec. 21, 1987), holding (1) U.S. Patent No. 4,120,570 and Re. No. 31,406 are not invalid; (2) no inequitable conduct occurred; (3) the patents were willfully infringed; (4) damages and attorney fees are appropriate; and (5) Wilsa is permanently enjoined from further infringing activities. We affirm.
 
 OPINION
 
 2
 This is a scattergun appeal accompanied by a cumbersome record. We address the largest pellets discernible. But, as the court regularly reminds, we cannot try the case over, as counsel wants us to. Fromson v. Western Litho Plate & Supply Co., Nos. 88-1039, 1061, slip op. at 3-4 (Fed.Cir. Aug. 4, 1988). Syntex was the assignee of U.S. Patent No. 4,120,570 ('570) and Re. No. 31,406 ('406). Although Syntex has since assigned its entire interest in these patents to Sola USA Inc., for convenience we will refer to the appellees collectively as Syntex.
 
 
 3
 Wilsa contends that Syntex' patents are unenforceable because of inequitable conduct and says that Syntex withheld a material reference, the Andrianov article, and changed certain experimental results. These arguments are unpersuasive. Inequitable conduct "requires proof by clear and convincing evidence of a threshold of materiality of the nondisclosed information and of the prosecutor's intent." In re Jerabek, 789 F.2d 886, 889, 229 USPQ 530, 532 (Fed.Cir.1986). Wilsa did not demonstrate by clear and convincing evidence that Dr. Gaylord intended to withhold the Andrianov article. In fact, on this issue the district court said there was "no evidence, let alone clear and convincing evidence." The court also observed that Gaylord voluntarily disclosed other pertinent articles, and voluntarily called prior art to the attention of the Patent and Trademark Office (PTO) immediately after becoming aware of them; these were "indicia of candor."
 
 
 4
 But Wilsa argues that Gaylord knew of the Andrianov article and recognized its importance. There is some evidence to this effect, but intent is a question of fact reviewable under the clearly erroneous standard. Id. Wilsa shows no clear error by the district court, which adopted a view supported by the record. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently").
 
 
 5
 Wilsa correctly cites Rohm & Haas Co. v. Crystal Chemical Co., 722 F.2d 1556, 1571, 220 USPQ 289, 301 (Fed.Cir.1983), for the proposition that a "very important policy consideration is to discourage all manner of dishonest conduct in dealing with the PTO." But it failed to demonstrate any dishonest conduct, including falsification of experimental data, by Gaylord.
 
 
 6
 Relying on A.B. Dick Co. v. Burroughs Corp., 798 F.2d 1392, 230 USPQ 849 (Fed.Cir.1986), Wilsa also argues that the district court's "failure to draw negative inferences from Gaylord's failure to testify at trial on issues relating to knowledge and intent was clearly erroneous, requiring reversal." Apparently, it was within Syntex' power to call Gaylord as a witness. However, A.B. Dick also says, "When a party knows of witnesses on a material issue and they are within his control to produce, if the party chooses not to call the witnesses, the fact finder may draw the inference that the testimony would have been unfavorable." Id. at 1400 n. 9, 230 USPQ at 855 n. 9 (emphasis added). The district court is not required to draw any inference and, in fact, it here "considered" the fact that Gaylord did not testify in light of his ten volumes of deposition testimony. We discern no error.
 
 
 7
 Wilsa argues that the patents are invalid because they are obvious in view of the prior art and do not meet the requirements of 35 U.S.C. Sec. 112. Under 35 U.S.C. Sec. 282, a patent is presumed valid and the party asserting invalidity must prove facts to establish invalidity by clear and convincing evidence. Kaufman Co. v. Lantech, Inc., 807 F.2d 970, 973, 1 USPQ2d 1202, 1204 (Fed.Cir.1986). Wilsa did not.
 
 
 8
 On obviousness, Wilsa says the district court's "principal error of law was in considering single prior art references in isolation rather than in the context of other prior art." The argument is incorrect; our review shows the court did not consider the prior art references in isolation. Next, Wilsa complains that the district court gave the "secondary considerations," Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538, 218 USPQ 871, 879 (Fed.Cir.1983), or "objective evidence," Custom Accessories, Inc. v. Jeffrey-Allan Industries, Inc., 807 F.2d 955, 958, 1 USPQ2d 1196, 1197 (Fed.Cir.1986), of nonobviousness controlling weight. We do not see that the court did this, but even if it had, it would not affect the outcome here. W.L. Gore & Associates, Inc. v. Garlock, Inc., 721 F.2d 1540, 1555, 220 USPQ 303, 314 (Fed.Cir.1983) (objective evidence "may be the most pertinent, probative, and revealing evidence available to aid in reaching a conclusion on the obvious/nonobvious issue"); Stratoflex, 713 F.2d at 1538, 218 USPQ at 879 ("evidence of secondary considerations may often be the most probative and cogent evidence in the record"). Indeed, the objective evidence showed that Syntex' product fulfilled a long felt need, which many others skilled in the art had failed to achieve, and was a major commercial success; this is persuasive, though not necessarily dispositive, evidence of nonobviousness.
 
 
 9
 The invalidity arguments under 35 U.S.C. Sec. 112 are unpersuasive and give no facts showing clear and convincing evidence of invalidity. No further discussion of this issue is warranted.
 
 
 10
 Wilsa challenges the court's finding of both literal infringement and infringement under the doctrine of equivalents. But whether an accused device infringes a patent is a question of fact subject to review under the clearly erroneous standard. Raytheon Co. v. Roper Corp., 724 F.2d 951, 961, 220 USPQ 592, 600 (Fed.Cir.1983). We have been shown no error in the district court's infringement analysis.
 
 
 11
 Wilsa challenges the district court's computation of a reasonable royalty "based upon the average net price of Syntex' finished contact lenses, as opposed to assessment of such a royalty upon the actual product," the buttons, found to infringe. The assessment and computation of damages under 35 U.S.C. Sec. 284 is a matter within the sound discretion of the district court, Yarway Corp. v. Eur-Control USA, Inc., 775 F.2d 268, 275, 227 USPQ 352, 357 (Fed.Cir.1985), and, as the appellant, Wilsa has the burden of showing abuse of discretion by the district court. Seattle Box Co. v. Industrial Crating and Packing, Inc., 756 F.2d 1574, 1581, 225 USPQ 357, 363 (Fed.Cir.1985). It has not met this burden.
 
 
 12
 Section 284 provides that the claimant shall be awarded "damages adequate to compensate for the infringement." As the Supreme Court said, "Congress sought to ensure that the patent owner would in fact receive full compensation for 'any damages' he suffered as a result of the infringement." General Motors Corp. v. Devex Corp., 461 U.S. 648, 654-55, 217 USPQ 1185, 1188 (1983). The Court also observed that a patent holder's damages "have been said to constitute 'the difference between his pecuniary condition after the infringement, and what his condition would have been if the infringement had not occurred.' ... The question to be asked in determining damages is 'how much had the Patent Holder and Licensee suffered by the infringement. And that question [is] primarily: had the Infringer not infringed, what would Patent Holder-Licensee have made?' " Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 507, 141 USPQ 681, 694 (1964) (citations omitted), quoted in Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc., 761 F.2d 649, 653, 225 USPQ 985, 986 (Fed.Cir.1985); see Stickle v. Heublein, Inc., 716 F.2d 1550, 1563, 219 USPQ 377, 387 (Fed.Cir.1983) ("trial court may award an amount of damages greater than a reasonable royalty so that the award is 'adequate to compensate for the infringement' "). The amount awarded by the district court is appropriate under this standard.
 
 
 13
 The district court assessed a reasonable royalty against the amount the laboratories received for sales of their final product, the lenses, which were simply the buttons with plastic mechanically removed. This was the stage at which Syntex sold its lenses. The buttons have no use other than to be fabricated into contact lenses. The district court properly found that Wilsa was a direct infringer, induced infringement, and was a contributory infringer. See 35 U.S.C. Sec. 271(a)-(c). Wilsa is liable for all damages attributable to the infringing sales of lenses on the basis of its inducement of this direct infringement. Id. at Sec. 271(b); Water Technologies Corp. v. Calco, Ltd., No. 87-1204, 1205, slip op. at 20 (Fed.Cir. June 16, 1988); see 5 D. Chisum Patents Sec. 20.03[b][iv], at 20-247 (1987) (in many instances the appropriate relief against one inducing or contributing to infringement will be the same as against the direct infringer) (cited in Water Technologies, slip op. at 17-18). Furthermore, the Supreme Court has said "that a contributory infringer is a species of joint-tortfeasor, who is held liable because he has contributed with another to the causing of a single harm to the plaintiff." Aro Mfg., 377 U.S. at 500. The Court went on to state that the purpose of 35 U.S.C. Sec. 271(c) was " 'to provide for the protection of patent rights where enforcement against direct infringers is impracticable.' " Aro Mfg., 377 U.S. at 511 (quoting H.R. 5988, 80th Cong., 2d Sess.; H.R. 3866, 81st Cong., 1st Sess.); see also Hodosh v. Block Drug Co., 833 F.2d 1575, 1578, 4 USPQ2d 1935, 1937 (Fed.Cir.1987). And, with hundreds of cutting laboratories and thousands of eye care practitioners, it would not be practicable for Syntex to pursue the direct infringers.
 
 
 14
 The question of whether an infringement is willful under 35 U.S.C. Sec. 284, justifying an increased award, is one of fact and is reviewable under the clearly erroneous standard. Bott v. Four Star Corp., 807 F.2d 1567, 1572, 1 USPQ2d 1210, 1213 (Fed.Cir.1986). Wilsa has failed to demonstrate any error in the district court's decision to double the damages. It also complains that the district court applied the wrong standard in finding willfulness. In fact, the court correctly applied the test outlined in Four Star Corp., 807 F.2d at 1572, 1 USPQ2d at 1213. We see no error in the district court's finding of copying by Wilsa and are equally unimpressed with its argument that it obtained competent advice of counsel. Some of it was hardly "advice" at all. And the actual advice was obtained after it began infringing, or reasonably should have known it was infringing, and not "before engaging in activity that may result in infringement." Id.
 
 
 15
 Wilsa challenges the district court's award of attorney fees and argues that this is not an "exceptional" case. Under 35 U.S.C. Sec. 285, the court "in exceptional cases may award reasonable attorney fees." A finding of "exceptional" is one of fact and is subject to review under the clearly erroneous standard. S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986). The court found our circumstances to be "exceptional" and we have previously observed that the "finding of willful infringement is legally sufficient to meet the criterion of 'exceptional case.' " Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1329, 5 USPQ2d 1255, 1262 (Fed.Cir.1987). Even when a case is deemed "exceptional," the ultimate decision to award attorney fees is, nevertheless, within the discretion of the district court and cannot be overturned absent an abuse of discretion. Bayer Aktiengesellschaft v. Duphar Int'l Research B.V., 738 F.2d 1237, 1242, 222 USPQ 649, 652 (Fed.Cir.1984). We find no abuse.
 
 
 16
 Finally, Wilsa asserts that the district court's "refusal to admit ... proffered copies of pages from the lab notebook which had been maintained during the developmental [sic] of Wilsa's materials was reversible error." Because only "isolated pages" of the notebook were found and only "discovered" on the eve of trial, the district court decided their admission would be prejudicial to Syntex. The decision to exclude because of prejudice is in the sound discretion of the district court and we detect no abuse. See Mainland Industries, Inc. v. Standal's Patents Ltd., 799 F.2d 746, 750, 230 USPQ 772, 775 (Fed.Cir.1986).
 
 
 17
 Wilsa's remaining arguments are without merit.