**B. BRAUN MEDICAL INC., Plaintiff,**

v.

**ABBOTT LABORATORIES and NP
Medical, Inc., Defendants.**

**Civ. A. No. 93–3883.**

United States District Court,
E.D. Pennsylvania.

June 28, 1995.

Albert G. Bixler, Daniel Segal, Hangley, Connolly, Epstein, Chicco, Fox and Ewing, Philadelphia, PA, William G. Todd, Porter F. Fleming, and Richard E. Parke, Hopgood, Calimafde, New York City, for plaintiff.

Benjamin J. Naitove, Philadelphia, PA, Lee Carl Bromberg, and Robert L. Kann, Boston, MA, for defendant.

### *MEMORANDUM & ORDER*

HUYETT, District Judge.

### I. *BACKGROUND*

B. Braun Medical, Inc. ("Braun" or "Plaintiff") commenced this action against Abbott Laboratories ("Abbott") and Nypro, Inc. ("Nypro") (Abbott and Nypro together, "Defendants") alleging Defendants' Luer Acti-

vated Valve ("NP LAV") infringed U.S. Patent No. 4,683,916, assigned to Braun and entitled NORMALLY CLOSED AUTOMATIC REFLUX VALVE ("916 Patent"). During a jury trial, the issues of claim interpretation, patent misuse, and equitable estoppel were submitted to the jury in the form of special interrogatories. Following return of the jury's answers and Plaintiff's timely objection, the Court entered an order directing the parties to brief the question of whether those issues may properly be submitted to the jury for determination. *B. Braun Medical, Inc. v. Abbott Laboratories and NP Medical, Inc.*, C.A. No. 93–3883 (E.D.Pa. Nov. 30, 1994). For the reasons discussed below, the Court will deny Plaintiff's objections concerning the issues of claim interpretation, infringement by the doctrine of equivalents, patent misuse, and equitable estoppel.

## II. DISCUSSION

### A. Claim Interpretation

■ Braun claimed, *inter alia*, that Defendants' NP LAV infringed element 5 of claim one of the 916 patent which requires "means with the other body element for holding said disc firmly against said first means in such a manner that said disc is restrained from sideways movement." Abbott and NP defended on the ground that, properly interpreted, the 916 patent claimed only a traverse bar for performing this function. The traverse bar is indisputably absent in the NP LAV. Braun responded that the traverse bar structure was only specifically required by dependent claim ten of 916 patent and that the function performed by the means claimed in element 5 was performed by the valve seat and plunger in either valve. *See B. Braun Medical, Inc. v. Abbott Laboratories and Nypro, Inc.*, C.A. No. 93–3883, 1994 WL 466654 (E.D.Pa. Aug. 29, 1994) (denying Defendants' motion for summary judgment on the issue of infringement).

Special Interrogatory Number One required the jury to determine whether "the traverse bar is the only means claimed by claim one of the 916 patent to perform the limitation described in element 5 of claim one ... or ... [whether] the means claimed ... includes the valve seat and plunger as well as

the traverse bar?" Plaintiff contends the Court erred in submitting this interrogatory to the jury because it concerns claim interpretation which is a question of law solely for the Court.

■ The Federal Circuit has developed a two part test for determining infringement of means and function limitations. The accused device must: (1) incorporate the means for performing the function described in the specification or a substantial structural equivalent of that means, and (2) perform the identical function required by the limitation. *Id.* (*citing Johnston v. IVAC Corp.*, 885 F.2d 1574, 1580 (Fed.Cir.1989); *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1388–89 (Fed.Cir.1992)). Regarding interpretation of means plus function claims, the Federal Circuit has stated:

> To interpret means plus function limitations as limited to a particular means set forth in the specification would be to nullify the provision of § 112 requiring that the limitation shall be construed to cover the structure described in the specification and equivalents thereof. In construing a means plus function claim, as also other types of claims, a number of factors may be considered, including the language of the claim, the patent specification, the prosecution history of the patent, other claims in the patent, and expert testimony. Once such factors are weighed, the scope of the means claim may be determined. Here, appellants have contended ... that the independent means claims of the [916] patent must be construed to cover a § 112 equivalent, and that the [valve seat and plunger] [is] such a § 112 equivalent. Whether that accused device is a § 112 equivalent of the described embodiment is a question of fact.

*P.M. Palumbo v. Don–Joy Co.*, 762 F.2d 969, 974 (Fed.Cir.1985) (citations and internal quotations omitted). By claiming that either the traverse bar or the valve seat and plunger could perform the identical function required by element 5 of claim one, Plaintiff created a factual issue which was dispositive of the questions of interpretation and infringement of element 5. "[T]he determina-

tion of the scope of the claim—its interpretation and proper construction—while denominated a question of law is in many cases based on the facts...." *Lemelson v. General Mills, Inc.,* 968 F.2d 1202, 1207 (Fed.Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 976, 122 L.Ed.2d 131 (1993). Underlying factual disputes regarding claim interpretation "become the jury's province to resolve in the course of rendering its verdict on infringement." *Id.* Accordingly, special interrogatory one was properly submitted to the jury.

Braun argues, in addition, that the Court erred in instructing the jury on the issue of claim interpretation by refusing some of Braun's requested instructions. To overturn the verdict on the grounds of improper jury instructions, Braun must prove "(1) that the jury instructions, when read in their entirety, were incorrect, and (2) that [Braun's] alternative instructions could have cured the error." *Goodwall Const. Co. v. Beers Const. Co.,* 991 F.2d 751, 755 (Fed.Cir.1993). Braun's only suggestion of error is that the jury "was not made aware of the applicable Federal Circuit authority." Pl.'s Mem. at 3. The Court disagrees and believes that the charge, as a whole, clearly and adequately instructed the jury on the law of claim interpretation. The Court's reasons for refusing Braun's requested instructions were stated on the record at the charge conference and need not be repeated here.

### B. Doctrine of Equivalents

■ In its memorandum, Braun, for the first time, contends that infringement under the doctrine of equivalents is a question of law which the Court erroneously submitted to the jury. Braun has not previously voiced this objection and it is not an issue on which the Court directed briefing in its November 30th Order. In fact, Braun's proposed jury instruction number 11, approved by the Court at the charge conference, directs the jury to consider infringement under the doctrine of equivalents. Pl.'s Proposed Jury Instructions dated Nov. 3, 1994 at 25–26. Braun's objections to Defendants' proposed jury instructions state "Braun additionally objects to defendants' position that the doctrine of equivalents should not be submitted

to the jury." Pl.'s Objections to Defs.' Proposed Jury Instructions on Liability Issues, dated November 8, 1994 at 9.

There is no dispute that "[a] finding of equivalence is a determination of fact." *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 609, 70 S.Ct. 854, 857, 94 L.Ed. 1097 *reh'g denied,* 340 U.S. 845, 71 S.Ct. 12, 95 L.Ed. 620 (1950); *cf. Goodwall Const. Co. v. Beers Const. Co.,* 991 F.2d 751, 755 (Fed.Cir.1993) (jury instructed on, but did not reach, issue of infringement under doctrine of equivalents). Because Braun itself proposed a jury instruction on the doctrine of equivalents and failed to object to the giving of that instruction before the jury retired to consider its verdict, Braun has waived any objection it may have on that issue. Fed.R.Civ.P. 51; *Bowley v. Stotler & Co.,* 751 F.2d 641 (3rd Cir.1985).

### C. Patent Misuse and Equitable Estoppel

■ At trial, the questions of whether Braun had engaged in patent misuse or was equitably estopped from asserting the 916 patent against Defendants were submitted to the jury. Braun contends that both patent misuse and equitable estoppel are equitable defenses which should have been determined by the Court. However, Braun cites no authority for the proposition that these issues may never be submitted to a jury.

Fed.R.Civ.P. 39(b) clearly allows that "the court in its discretion upon motion may order a trial by jury of any or all issues." Defendants moved to submit these issues to the jury and Braun filed a response. The Federal Circuit has upheld the submission of both questions to a jury. *See, e.g. Bio–Rad Laboratories, Inc. v. Nicolet Instr. Corp.,* 739 F.2d 604 (Fed.Cir.1984), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 516, 83 L.Ed.2d 405 (1984) (patent misuse); *Mainland Indus., Inc. v. Standal's Patents Ltd.,* 799 F.2d 746 (Fed. Cir.1986) (estoppel). Determination of these issues turned on factual disputes between the testimony of Defendants' witness Mr. Prozeller and "the testimony elicited by [Plaintiff's counsel] Mr. Fleming," and other evidence adduced by Plaintiff, as Braun argued in its

closing speech. Trial Tr. of Nov. 21, 1994 at 72.

The factors which bear on the decision to exercise the discretion authorized by Rule 39(b) and grant a jury trial include:

(1) whether the issues are more appropriate for determination by a jury or a judge . . .

(2) any prejudice that granting a jury trial would cause the opposing party . . . (3) the timing of the motion . . . (4) any effect a jury trial would have had on the court's docket and the orderly administration of justice. . . .

*Malbon v. Pennsylvania Millers Mutual Insur. Co.*, 636 F.2d 936, 940 n. 11 (4th Cir. 1980) (citations omitted). In this case, the Court expressly exercised its discretion, after viewing all evidence adduced at trial and studying the legal theories advanced by the parties. Trial Tr. of Nov. 21, 1994 at 5. The predominately factual nature of the dispute and the inevitable delay and difficulty of severing some issues for determination by the court militated strongly in favor of submitting the entire case to the jury.

## III. *CONCLUSION*

Braun's objections to the submission of the issues of claim interpretation, infringement by the doctrine of equivalents, patent misuse, and equitable estoppel are denied.