**COLECO INDUSTRIES, INC., Stephen D. Gurian and Morton M. Bernstein, Plaintiffs,**

v.

**MENGO INDUSTRIES, INC., Defendant.**

**No. 81–C–454.**

United States District Court, E. D. Wisconsin.

Nov. 3, 1981.

---

Glenn O. Starke, Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., and Peter L. Costas, Hartford, Conn., for plaintiffs.

Arnstein, Gluck & Lehr, Chicago, Ill., and Borgelt, Powell, Peterson & Frauen by Kurt H. Frauen, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs' action seeks to enforce a patent allegedly infringed by the defendant. The defendant has moved for summary judgment contending that the plaintiffs are barred by laches and estoppel.

It is undisputed that in April 1972 Coleco submitted a letter to the defendant charging that Mengo's product infringed Coleco's patent. In response to that communication, Mengo informed Coleco that it had redesigned its product "so as to avoid any possibility of infringement." No further communication was had between the parties until June 27, 1980, when counsel for Coleco wrote to Mengo regarding infringement.

I am persuaded that under these circumstances the plaintiffs are barred by laches from proceeding with the instant claim. Since Coleco knew of the alleged infringement in 1972 and also knew of a proposed design change, it was incumbent upon Coleco to make inquiry within a reasonable time to determine whether the redesigned product was infringing. Coleco's silence for a period of eight years misled Mengo; the latter continued to advertise and market its redesigned ladders on a nationwide basis and by affidavit has asserted that over $50,-000 was spent by it in doing so.

The plaintiffs contend that it was the duty of Mengo to offer a sample of its redesigned product to Coleco. In my opinion, the law does not support that contention. On the contrary, the burden was upon Coleco to enforce its rights in a timely manner. *Advanced Hydraulics, Inc. v. Eaton Corp.*, 415 F.Supp. 283, 286 (N.D.Ill. 1976). The court of appeals for this circuit has ruled that an alleged infringer does not have the affirmative duty to notify the patentee. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, 430 F.2d 1008 (7th Cir. 1970).

No satisfactory reason has been presented by the plaintiffs to support the belief that the delay of eight years was excusable. The plaintiffs suggest that summary judgment should not be granted and they be given an opportunity to adduce the facts relative to the reasons for the delay. Under *Continental Coatings Corporation v. Metco, Inc.*, 464 F.2d 1375 (7th Cir. 1972), the defendant is entitled to summary judgment when the delay is for so long a period as is involved in the case at bar.

In my opinion, it was Coleco that had the duty to examine the redesigned product and to take timely action to enforce its patent if it deemed the infringement to have continued. The delay of eight years constitutes an unreasonable period entitling the defendant to summary judgment in this action based on an alleged infringement.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' action be and hereby is dismissed.