**HOTTEL CORP., Plaintiff–Appellant,**

v.

**SEAMAN CORP., Defendant–Appellee.**

No. 87–1255.

United States Court of Appeals,
Federal Circuit.

Nov. 25, 1987.

Ernie L. Brooks, Brooks & Kushman, Southfield, Mich., argued for plaintiff-appellant; with him on the brief was Earl J. LaFontaine.

Edward G. Greive, Renner, Kenner, Greive, Bobak & Taylor, Akron, Ohio, argued for defendant-appellee.

Before NEWMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

Hottel Corp. (Hottel) appeals from the summary judgment of the United States District Court for the Northern District of Ohio in favor of Seaman Corp. (Seaman) denying relief for alleged infringement on the basis of laches and estoppel. *Hottel Corp. v. Seaman Corp.*, No. C85–3165A (N.D.Ohio December 22, 1986). We affirm that part of the judgment based on laches and reverse that part of the judgment based on estoppel.

### Background

On October 22, 1985, Hottel sued Seaman for infringement of four patents[1] owned by Hottel, which were originally issued to its sole employee, Carl F. Huddle. All of the patents relate to what Hottel calls "tensioned membrane structures," which are types of tent structures. The accused devices are similar structures (tents), sold under the trade name "PORTOMOD," which Seaman developed and began to market in the late 1960's. Hottel became aware of the alleged infringing structures no later than the early part of 1979, as confirmed by a letter written by Huddle on January 12, 1979 calling Seaman's attention to three of Hottel's patents. After a visit by Huddle to Seaman's plant and a second letter from Huddle, Seaman's counsel wrote Huddle on April 17, 1979 that in their opinion "PORTOMOD structures do not infringe any valid claims of [the Hottel] patents."

After this first contact covering just over three months, there were, according to the district court, no further communications for "at least more than one year and nine months." Hottel's attorney wrote a letter, bearing the date January 8, 1981, informing Seaman that patent counsel had been consulted and it was their opinion that Seaman's PORTOMOD structures infringed the Hottel patents. The letter requested a "detailed expression" of Seaman's position

---

1. U.S. Patent Nos. 3,961,638 issued June 9, 1976, 4,034,772 issued July 12, 1977, 4,148,332 issued April 10, 1979, and Reissue Patent No. 30,044, reissued July 17, 1979.

and clearly indicated that Hottel intended to pursue its patent rights. Seaman responded by requesting Hottel to specify which of the seventy-five claims at issue were alleged to be infringed and by which of the Seaman structures. In the following correspondence, which ended on August 25, 1982, Hottel indicated which claims it considered to be infringed and Seaman provided detailed analyses of its position.

After this eight month period of communication, there was a gap of seven months in correspondence. On March 7, 1983, Hottel's attorney sent Seaman's attorney a letter "Re: Huddle Patents," which read in its entirety:

> Please be advised that we are appealing a decision rendered in the above matter and intend to pursue actively our patent claims upon receipt of the ruling.

Although the letter did not specify any particular patent or explain what decision was being appealed, it apparently was referring to the reexamination of U.S. Patent No. 4,034,772 (the '772 patent). The reexamination of the '772 patent was instituted by Huddle in December of 1981 and resulted in the patent being found to be invalid by the examiner. This decision was reversed on appeal by the Board of Appeals of the United States Patent and Trademark Office on November 19, 1984. The district court found that apart from the letter of March 7, 1983 "the record gives no indication that Hottel advised Seaman of any re-examination proceeding or appeal." Following the March 7, 1983 letter, there was no further communication from Hottel to Seaman until October 22, 1985, when the complaint in this proceeding was filed.

The district court held that Hottel was "guilty" of laches, because its delay of over six years in filing suit had prejudiced Seaman and because it had not alleged facts that were sufficient to excuse the delay, and could therefore not recover damages for alleged past infringement. The district court further determined that Hottel's actions amounted to "intentionally misleading silence" thereby giving rise to equitable estoppel and preventing Hottel from pursuing its claims of infringement.

## OPINION

### I. Laches

The affirmative defense of laches requires proof of (1) unreasonable and inexcusable delay in the assertion of the claim, and (2) prejudice or injury resulting from the delay. *Bott v. Four Star Corp.*, 807 F.2d 1567, 1575, 1 USPQ2d 1210, 1216 (Fed. Cir.1986); *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741, 220 USPQ 845, 850 (Fed.Cir.1984). Once a delay in asserting patent infringement exceeds six years, prejudice and inexcusable delay are presumed and the burden of proof shifts from the alleged infringer to the patentee to prove the existence and reasonableness of the excuse and to show lack of injury. *Bott*, 807 F.2d at 1575, 1 USPQ2d at 1216; *Mainland Industries, Inc. v. Standal's Patents Ltd.*, 799 F.2d 746, 748, 230 USPQ 772, 773–774 (Fed.Cir.1986). Accepting Hottel's version of the facts, the district court found the time for bringing an infringement suit began to run no later than July 17, 1979, which was the date of issuance of the last patent claimed to be infringed. *See Bott*, 807 F.2d at 1575, 1 USPQ2d at 1216 (the six-year period does not start running until the issue date of the patents). This was more than six years prior to the commencement in October 1985 of the instant proceeding. Accordingly, the burden was on Hottel to show that its delay was excusable and that Seaman was not materially prejudiced by the delay.

The sole justification that Hottel proffers on appeal for its delay in filing suit is that it was involved in "other litigation." *See Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1162–1163, 208 USPQ 545, 551–552 (6th Cir.1980); *cf. Broomall Industries, Inc. v. Data Design Logic Systems, Inc.*, 786 F.2d 401, 229 USPQ 38 (Fed.Cir.1986). The "other litigation" referred to in this instance is the Patent Office reexamination

proceeding which involved only one of the four patents at issue. Hottel contends that a reexamination should be treated the same as court litigation for purposes of laches and that the six year reference should be tolled by the nearly three-year period of reexamination.

■ For other litigation to excuse a delay in bringing suit there must be adequate notice of the proceeding. *See Watkins,* 630 F.2d at 1162, 208 USPQ at 551; *cf. Broomall Industries,* 786 F.2d at 405–406, 229 USPQ at 41. The notice must inform the alleged infringer of the other proceeding and of the patentee's intention to enforce its patent upon completion of that proceeding. *Watkins,* 630 F.2d at 1162–1163, 208 USPQ at 551–552.

■ Hottel contends that its letter of March 7, 1983 gave Seaman adequate notice of the reexamination proceeding. An examination of the letter shows that it did not specify the patent or patents involved and did not indicate the nature of the proceedings or the decision appealed. The district court held, and we agree, that this letter, written by Hottel's attorney over one year after the beginning of the reexamination proceeding, did not provide adequate notice of a proceeding relied on to excuse the delay.[2]

Since the delay in commencing this action was more than six years without excuse, a presumption of prejudice arose which placed the burden on Hottel to show that Seaman was not prejudiced. Notwithstanding this presumption, the district court found that Seaman submitted unrebutted evidence of prejudice and Hottel makes no argument on appeal with respect to the prejudice issue. Unreasonable and inexcusable delay and prejudice having been established, the district court did not err in granting summary judgment based on laches. *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.,* 726 F.2d

724, 728, 220 USPQ 841, 843–44 (Fed. Cir. 1984); *see also Bott v. Four Star Corp.,* 807 F.2d at 1576, 1 USPQ at 1217.

## II. Estoppel

■ While estoppel and laches are closely related, they are nonetheless distinct. Equitable estoppel may apply when there is (1) an unreasonable and inexcusable delay in filing the law suit, (2) prejudice to the defendant as a result of the delay, (3) affirmative conduct by the patentee inducing the belief that it had abandoned its claims against the alleged infringer, and (4) detrimental reliance by the infringer. *Young Engineers, Inc. v. ITC,* 721 F.2d 1305, 1317, 2 Fed.Cir. (T) 9, 23, 219 USPQ 1142, 1153 (Fed.Cir.1983). Thus, in addition to the laches factors of delay and prejudice, equitable estoppel requires that the actor commits himself to act, and indeed acts, as a direct consequence of another's affirmative conduct. *Stickle v. Heublein, Inc.,* 716 F.2d 1550, 1559, 219 USPQ 377, 383 (Fed.Cir.1983). The remedies are also different. Laches bars only retrospective relief while estoppel entirely bars assertion of the patent claim. *Mainland,* 799 F.2d at 748, 230 USPQ at 773.

■ Silence alone is not sufficient affirmative conduct to give rise to estoppel. *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.,* 726 F.2d at 729, 220 USPQ at 844 (five year silence alone is not enough to give rise to estoppel); *see Stickle,* 716 F.2d at 1559, 219 USPQ at 383 (estoppel by implied license cannot arise out of unilateral expectations or even reasonable hopes of one party). Although there is precedent for applying equitable estoppel where there has been "intentionally misleading silence," *see Jensen v. Western Irrigation and Mfg., Inc.,* 650 F.2d 165, 169, 207 USPQ 817, 819 (9th Cir.1980); *Advanced Hydraulics, Inc. v. Otis Elevator Co.,* 525 F.2d 477, 481–482, 186 USPQ 1, 4–5 (7th Cir.), *cert. denied,* 423 U.S. 869,

---

**2.** Because the notice was deficient we need not decide whether a reexamination proceeding may qualify as "other litigation" or whether a proceeding with respect to one patent may provide an excuse for not bringing suit for infringement of other related patents.

96 S.Ct. 132, 46 L.Ed.2d 99, 187 USPQ 480 (1975); *Continental Coatings Corp. v. Metco, Inc.*, 464 F.2d 1375, 1380, 174 USPQ 423, 427 (7th Cir.1972), some evidence must exist to show that the silence was sufficiently misleading to amount to bad faith. *TWM Mfg. Co., Inc. v. Dura Corp.*, 592 F.2d 346, 350, 201 USPQ 433, 436 (6th Cir.1979); *see Broomall*, 786 F.2d at 405, 229 USPQ at 40 (quoting *TWM Mfg. Co., Inc. v. Dura Corp.* as requiring misrepresentation, affirmative acts of misconduct or intentionally misleading silence for estoppel). It must be sufficiently misleading to induce the alleged infringer to reasonably infer that the patentee has abandoned his patent claims. *Jensen*, 650 F.2d at 169, 207 USPQ at 819; *TWM*, 592 F.2d at 350.

■ After careful review of the entire record, we conclude that the district court erred in granting summary judgment on the basis of estoppel. The district court determined that Hottel "did not intentionally mislead the defendant in an affirmative sense" but found instead that "Hottel's silence amounted to intentionally misleading silence." In the cases that have applied intentionally misleading silence in the patent infringement context, a patentee threatened immediate or vigorous enforcement of its patent rights but then did nothing for an unreasonably long time. *Jensen*, 650 F.2d at 169, 207 USPQ at 819; *Advanced Hydraulics, Inc.*, 525 F.2d at 481, 186 USPQ at 4; *Continental Coatings Corp.*, 464 F.2d at 1380, 174 USPQ at 427. No such threats were present here. Hottel's periods of silence did not follow any communication indicating that it would take immediate action, which if not followed up might indicate that it had dropped the matter. Moreover the periods of silence between Hottel's sporadic correspondence asserting its rights were not unduly long. *Cf. Studiengesellschaft Kohle m.b.H.*, 726 F.2d at 728–729, 220 USPQ at 843–844 (five year silence); *Jensen*, 650 F.2d at 167–168, 207 USPQ at 818 (eight year silence); *Advanced Hydraulics, Inc.*, 525 F.2d at 481, 186 USPQ at 4 (five year silence).

In support of its decision, the district court also noted Hottel's failure to provide detailed information regarding its claims even when requested to do so and its practice of idle threats in the industry. We do not consider either of these as sufficient to establish bad faith or misleading circumstances, where the correspondence from Hottel to Seaman left little doubt that Hottel intended to enforce its patent rights at some future date. In particular, Hottel's letter of March 7, 1983 expressly stated that Hottel intended "to pursue actively our patent claims."

With respect to Hottel's practice of industry-wide threats, the district court relied primarily on the affidavit of Seaman's president. The affidavit states that Seaman's president "contacted others in the industry to see if they had been similarly threatened . . ." and was advised that they had been but "that they had presented evidence of the invalidity of the patents to Mr. Huddle and had not heard from him since." Such a vague statement, where the number and identity of the persons contacted is not set forth and where there is no information about the industry, hardly establishes with any certainty Huddle's reputation in the industry. But if it does, an inference has to be drawn that this reputation makes it likely that Huddle's (and in turn Hottel's) communications were likewise idle threats. However, these communications, although sporadic, left little doubt that Hottel's continuing intention was to enforce its patent rights at some time in the future after "appealing a decision" and "receipt of the ruling" (letter of March 7, 1983).

When considering a summary judgment motion all inferences must be drawn in favor of the nonmovant. Here there was, at least, conflicting evidence as to whether Hottel's periods of silence could reasonably be interpreted by Seaman as an indication that Hottel had abandoned its patent claims. Under these circumstances we cannot say that Seaman has proved that Hottel's periods of silence were intentionally

misleading. We are also unpersuaded that Hottel's failure, in the district court's view, to adequately specify the patent claims infringed and the infringing products is supportive of the court's finding of intentionally misleading silence.

## CONCLUSION

The judgment of the district court is affirmed as to laches and reversed as to equitable estoppel. The case is remanded for consideration of whether any relief for acts subsequent to the filing of this lawsuit is appropriate.

AFFIRMED–IN–PART, REVERSED–IN–PART AND REMANDED.