856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SCHUBERT & SALZER MASCHINENFABRIK AKTIENGESELLSCHAFT,
Plaintiff-Appellee,
v.
W. SCHLAFHORST & CO., American Schlafhorst Company, and
Greenwood Mills, Inc., Defendants-Appellants.
 No. 88-1036.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1988.
 
 Before MARKEY, Chief Judge, DAVIS* and EDWARD S. SMITH, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 W. Schlafhorst & Co., American Schlafhorst Co., and Greenwood Mills, Inc. (Schlafhorst), appeal the judgment, as finally amended, of the United States District Court for the District of South Carolina in Schubert & Salzer Maschinenfabrik Aktiengesellschaft v. W. Schlafhorst & Co., Civil Action No. 6:85-3467-3K (D.S.C. July 10, 1987). We affirm.
 
 OPINION
 
 2
 The district court's judgment, as finally amended, included both jury verdicts in favor of Schubert & Salzer Maschinenfabrik Aktiengesellschaft (Schubert) on the issues of patent validity, infringement, and damages and a decision by the magistrate, setting forth both findings of facts and conclusions of law, in favor of Schubert on the issues of equitable estoppel and compliance with the filing requirements of 35 U.S.C. Sec. 135(c). On appeal, Schlafhorst raises five principal contentions.
 
 
 3
 First, Schlafhorst argues that the magistrate erred by refusing to enter judgment on the jury's verdict in favor of Schlafhorst on the section 135(c) issue and by substituting therefor, and entering judgment in favor of Schubert on, his own findings of facts and conclusions of law. Schlafhorst contends that Schubert entered a general demand for trial by jury at the time Schubert filed its complaint and that, in view of this demand, Schlafhorst was entitled to a jury trial on all issues. We disagree.
 
 
 4
 Rule 39(a) of the Federal Rules of Civil Procedure provides that, when requested pursuant to Fed.R.Civ.P. 38, a trial shall be by jury unless either (1) the parties consent by written stipulation filed with the court, or by oral stipulation made in open court, to trial by the court sitting without a jury or (2) the court determines there is no right to trial by jury. Here, Schlafhorst consented to trial by the magistrate on the section 135(c) issue. The magistrate repeatedly articulated his intention that he independently was going to decide the section 135(c) issue and that the section 135(c) issue was being sent to the jury in an advisory capacity only. Not only did Schlafhorst fail to object at trial to the magistrate's proposed treatment of the issue but, when questioned by the magistrate, Schlafhorst, in open court, consistently maintained the position that the section 135(c) issue was a legal issue not appropriate for resolution by a jury.
 
 
 5
 Second, Schlafhorst argues that the magistrate erred, as a matter of law, in reaching his conclusion on the merits of the section 135(c) issue. We disagree. The magistrate determined that there was no causal connection between either the 1965 consortium agreement or the 1969 supplemental agreement and the termination of the interference. Because Schlaforst has not given us grounds to disturb this determination by the magistrate, we must affirm his decision on this issue. See CTS Corp. v. Piher International Corp., 727 F.2d 1550, 1555-56, 221 USPQ 11, 15 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984) ("Section 135(c) requires that any agreement or understanding made in connection with or in contemplation of the termination of an interference must be filed with the [United States Patent and Trademark Office].").
 
 
 6
 Third, Schlafhorst argues that the magistrate erred, as a matter of law, in reaching his conclusion that Schubert was not precluded by the doctrine of equitable estoppel from bringing this action against Schlafhorst. Schlafhorst contends that the magistrate misapplied the legal precedent on the issue. We disagree. The magistrate determined that, although Schlafhorst may have been prejudiced by Schubert's delay in bringing its action, Schlafhorst failed to establish that Schubert either abandoned its claims against Schlafhorst or induced Schlafhorst into thinking the same. Because application of equitable estoppel is predicated upon such a showing, see Hottel Corp. v. Seaman Corp., 833 F.2d 1570, 1573, 4 USPQ2d 1939, 1941 (Fed.Cir.1987), we cannot conclude that the magistrate's resolution of this issue is erroneous, as a matter of law. Schlafhorst's attacks on the magistrate's underlying factual findings on this issue are unpersuasive.
 
 
 7
 Fourth, Schlafhorst argues that the magistrate prejudiced Schlafhorst by excluding from the jury evidence of inconsistent positions taken by Schubert, and of rulings made by the German Federal Patent Court, during prosecution of Schubert's counterpart German patent application. We are not persuaded. Under the law of the Fourth Circuit, which law controls this issue on appeal, exclusion of evidence is squarely within the discretion of the trial court. See DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 518 (4th Cir.1985). Here, although evidence of proceedings before foreign tribunals may have some relevance to the issues in this case, Schlafhorst has not established that the magistrate abused his discretion by excluding this evidence.
 
 
 8
 Finally, Schlafhorst argues that the magistrate erred in instructing the jury on the reverse doctrine of equivalents. For us to disturb the jury's verdict on that issue, Schlafhorst has the burden of establishing that the error was so egregious, considering the instructions as a whole, as to require the verdict to be set aside. Jamesbury Corp. v. Litton Industrial Products, Inc., 756 F.2d 1556, 1560, 225 USPQ 253, 256 (Fed.Cir.1985). Schlafhorst failed to carry its burden on appeal.
 
 
 
 *
 Judge Davis, who died on June 19, 1988, took no part in the decision of this case