**GOSSEN CORPORATION, Plaintiff,**

v.

**MARLEY MOULDINGS, INC., Defendant.**

**No. 96–C–351.**

United States District Court, E.D. Wisconsin.

Aug. 20, 1997.

---

Robert L. Gegios, Daniel F. Miller, von Briesen, Purtell & Roper, Milwaukee, WI, Paul L. Ahern, Brett A. Hesterberg, Leydig, Voit & Mayer, Ltd., Chicago, IL, for Plaintiff.

James M. Caragher, Bryan B. House, G. Michael Halfenger, Foley & Lardner, Milwaukee, WI, Thomas David Rein, Hugh A. Abrams, Sidley & Austin, Chicago, IL, for Defendant.

## *DECISION AND ORDER*

CURRAN, District Judge.

Gossen Corporation is suing Marley Mouldings, Inc. for infringing its United States Patent No. 4,690,862 ('862 patent) relating to a dual extruded plastic profile that is used as a garage door weather stripping product. The '862 patent was issued September 1, 1997, for an "Integral Composite Profile of Cellular and Non–Cellular Resins and a Dual Extrusion Method for Its Manufacture." The "Abstract" defines the subject matter of the patent as follows:

> The dual extrusion and fusion of cellular and non-cellular resin extrudates produces an integral composite profile having a tongue and groove interlock. The resins are extruded through a common die having overlapping orifices. A bulbous tongue of one extrudate is encapsulated by finger-like projections of a second extrudate and the mated profiles are pulled through a vacuumized sizing box adapted to sealingly receive the cellular portion and to freely receive the non-cellular portion.

Appendix to the Memorandum in Support of the Motion of Defendant Marley Mouldings, Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at Exhibit D.

After conducting discovery, Marley Mouldings moved for summary judgment on the ground that Gossen is precluded from recovering damages under the doctrine of laches and is also barred from obtaining prospective relief, including equitable relief, under the doctrine of equitable estoppel. The parties' briefs and other papers submitted in connection with this motion were filed under seal. Therefore, the court will set forth only those stipulated or undisputed facts material to a resolution of this motion.

### I. *LEGAL STANDARDS FOR SUMMARY JUDGMENT*

■ Summary judgment is appropriate in a patent case. *See Nike. Inc. v. Wolverine World Wide. Inc.,* 43 F.3d 644, 646 (Fed.Cir. 1994). In order for the court to grant summary judgment in favor of a party asserting laches or estoppel defenses, there must be no genuine issue of material fact; the burden of proof on each issue must be correctly allocated; and all pertinent equitable factors must be considered. *See A.C. Aukerman Company v. R.L. Chaides Construction Company,* 960 F.2d 1020, 1039 (Fed.Cir.1992) (en banc). Under Federal Rule of Civil Procedure 56(c), summary judgment is warranted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The court must consider all facts in the light most favorable to the nonmovant, resolving all inferences in the nonmovant's favor. *See Tolentino v. Friedman,* 46 F.3d 645, 649 (7th Cir.), *cert. denied,* 515 U.S. 1160, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995).

■ The summary judgment inquiry implicates the substantive evidentiary standard of proof that would apply at a trial on the merits. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A party asserting affirmative defenses such as laches or equitable estoppel has the burden of proving these defenses at trial by a preponderance of the evidence. *See A.C. Aukerman Company,* 960 F.2d at 1045. Thus, where, as here, the moving party bears the burden of proof, that

party must make a showing sufficient for the court to find that no reasonable trier of fact (which, as to these equitable issues, would be the trial court) could find other than for the moving party. *See Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1265 (5th Cir.1991), *cert. denied,* 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992); *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986). The moving party can make this showing through pleadings, depositions, answers to interrogatories, admissions on file, or affidavits in the record. *See* Federal Rule of Civil Procedure 56(c); *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The non-moving party can defeat the motion by showing that the material facts are in dispute or that the moving party's evidence is so insubstantial that it could not persuade a reasonable finder of fact to grant judgment in the movant's favor. If the nonmoving party is not successful, the sole question is whether the movant is entitled to judgment as a matter of law. *See Logan v. Commercial Union Insurance Company,* 96 F.3d 971, 977–78 (7th Cir.1996).

## II. *LACHES*

First, Marley argues that it is entitled to summary judgment on the ground of laches because Gossen waited more than six years after learning that Marley might be infringing the '862 patent to file suit. Marley claims to have suffered economic and evidentiary prejudice due to Gossen's delay in filing suit. Gossen, on the other hand, maintains that its delay was reasonable and justifiable. Furthermore, Gossen charges that Marley has unclean hands and is not entitled to invoke the equitable defense of laches.

█ The Federal Circuit has explained the legal standards governing the laches defense as follows:

> Laches is a long-recognized defense to a patent infringement suit that arises when a patent holder "neglect[s] or delay[s] ... bringing suit to remedy an alleged wrong,

which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Aukerman,* 960 F.2d at 1028–29, 22 USPQ2d at 1325. Laches "focuses on the dilatory conduct of the patentee and the prejudice which the patentee's delay has caused." *Id.,* at 1031–32, 960 F.2d 1020, 22 USPQ2d at 1328. If successful, the laches defense bars relief only for damages accrued prior to suit. *See Id.* at 1040–41, 960 F.2d 1020, 22 USPQ2d at 1334–35.

To successfully invoke laches, a defendant must prove by a preponderance of the evidence (1) that the plaintiff delayed filing suit an unreasonable and inexcusable length of time after the plaintiff knew or reasonably should have known of its claim against the defendant; and (2) the delay resulted in material prejudice or injury to the defendant. *See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 988 F.2d 1157, 1161, 26 USPQ2d 1038, 1041 (Fed.Cir.1993); *Aukerman,* 960 F.2d at 1028, 22 USPQ2d at 1324; *Meyers v. Brooks Shoe Inc.,* 912 F.2d 1459, 1461, 16 USPQ2d 1055, 1057 (Fed.Cir.1990), *overruled on other grounds by Aukerman,* 960 F.2d at 1038–39, 22 USPQ2d at 1333. On summary judgment, [the movant] also had to establish that there was no genuine issue of material fact as to either element.

Even if the elements of laches are established, however, a court need not bar a plaintiff's suit. The application of the laches defense is discretionary, and as an equitable matter, the district court is to look to all the facts and circumstances of the case and weigh the equities of the parties. *See, e.g., Aukerman,* 960 F.2d at 1032, 22 USPQ2d at 1328. "Laches is not *established* by undue delay and prejudice. Those factors merely lay the foundation for the trial court's exercise of discretion. Where there is evidence of other factors which would make it inequitable to recognize the defense despite undue delay and prejudice, the defense may be denied." *Id.* at 1036, 960 F.2d 1020, 22 USPQ2d at 1331.

*Gasser Chair Company, Inc. v. Infanti Chair Manufacturing Corporation,* 60 F.3d 770,

773 (Fed.Cir.1995). At all times the defendant bears the ultimate burden of persuasion of the affirmative defense of laches. *See A.C. Aukerman Company v. R.L.Chaides Construction Company*, 960 F.2d 1020, 1038 (Fed.Cir.1992) (en banc).

## A. PRESUMPTION OF LACHES

■ In a patent infringement case, a presumption of laches arises when there has been more than a six-year delay in filing suit. *See A.C. Aukerman Company v. R.L.Chaides Construction Company*, 960 F.2d 1020, 1037 (Fed.Cir.1992) (en banc). "By reason of this presumption, absent other equitable considerations, a prima facie defense of laches is made out upon proof by the accused infringer that the patentee delayed filing suit for six years after actual or constructive knowledge of the defendant's acts of alleged infringement." *Id.* Once a presumption of laches arises, the patentee may offer proof directed to rebutting the laches factors. Such evidence may be directed to showing either that the patentee's delay was reasonable or that the defendant suffered no prejudice or both. *Id.* at 1038. By raising a genuine issue respecting either factual element of a laches defense, the presumption of laches is overcome. *Id.* The accused infringer is left to its proof and would then have to satisfy its burden of persuasion with actual evidence. *Id.* at 1037–38.

■ In this case, the record reflects that the '862 patent was issued in 1987.[1] *See* Appendix to the Memorandum in Support of the Motion of Defendant Marley Mouldings Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at Exhibit D. The testimony of Gossen's President, Frank Butterfield, Jr. establishes that Gossen had actual or constructive knowledge of Marley's alleged infringement when it first analyzed Marley's Thermo*Stop product samples in 1988 or 1989. *See Id.* at Exhibit E, pp. 44–50, 56–57, 125–26. *See also Id.* at

Exhibit P. Because Gossen had this knowledge more than six years before it filed suit in 1996, the presumption of laches arises.

## B. REASONS FOR DELAY

■ The presumption of laches can be eliminated if the patentee offers evidence to show an excuse for the delay or that the delay was reasonable even if such evidence may ultimately be rejected as not persuasive. *See A.C. Aukerman Company v. R.L. Chaides Construction Company*, 960 F.2d 1020, 1038 (Fed.Cir.1992) (en banc). In attempting to burst the bubble[2] of this presumption, Gossen contends that its delay in filing suit was justified because: (1) Marley refused to provide information about its manufacturing process; (2) a potential purchase of Gossen by Marley was being discussed in 1994; and, (3) from 1990 through 1993, Gossen and its lenders were experiencing financial difficulties.

None of these circumstances justify Gossen's delay as a matter of law. Marley, as a competitor of Gossen, had no affirmative duty to provide information about its product to the patentee. *See Coleco Industries. Inc. v. Mengo Industries, Inc.*, 525 F.Supp. 823, 824 (E.D.Wis.1981). Moreover, courts have rejected the pendency of business dealings with the alleged infringer, particularly brief or sporadic dealings, as a justification for delay. *See MCV Inc. v. King–Seeley Thermos Company*, 870 F.2d 1568, 1572 (Fed.Cir. 1989). And finally, the Supreme Court has made it clear that financial problems are never an excuse for laches purposes. *See Leggett v. Standard Oil Company*, 149 U.S. 287, 13 S.Ct. 902, 37 L.Ed. 737 (1893). Consequently, Gossen has failed to present any recognized justification or legally cognizable excuse for its unreasonable delay in filing suit.

---

1. The period of delay does not begin prior to issuance of the patent. *See Stark v. Advanced Magnetics. Inc.,* 29 F.3d 1570, 1576 (Fed.Cir. 1994).

2. In *Hemstreet v. Computer Entry Systems Corporation,* 972 F.2d 1290, 1293 (Fed.Cir.1992), the

court described the laches presumption as a "double bursting bubble" which the plaintiff punctures with introduction of evidence sufficient to raise a genuine dispute as to either delay or prejudice.

## C. PREJUDICE

■ The patentee can also burst the bubble of the laches presumption by producing affirmative evidence of lack of prejudice. *See Hall v. Aqua Queen Manufacturing, Inc.*, 93 F.3d 1548, 1554 (Fed.Cir.1996). However, in this case, Gossen has failed to come forward with any affirmative evidence of lack of prejudice. Consequently, Marley is entitled to a presumption that it incurred material or evidentiary prejudice and its evidence of prejudice need not be examined. *See Id.* But, although Gossen has failed to rebut the presumption of delay and prejudice, the court must still consider whether it would be inequitable to recognize the laches defense.

## D. EQUITABLE CONSIDERATIONS

Although Gossen does not concede that Marley is entitled to a presumption of laches, it argues that equitable estoppel should not bar its plea for damages because Marley's "cavalier copying of Gossen's product leaves it with unclean hands." Gossen Corporation's Answering Brief in Opposition to the Motion of Marley Mouldings, [sic] Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at 7. Gossen does not elaborate on what it means by "cavalier copying," and Marley denies copying anything proprietary from Gossen.

■ A patentee may defeat a laches defense if the infringer has engaged in particularly egregious conduct which would change the equities significantly in the patentee's favor. *See A.C. Aukerman Company v. R.L. Chaides Construction Company*, 960 F.2d 1020, 1033 (Fed.Cir.1992) (en banc). "Conscious copying may be such a factor weighing against the defendant. . . ." *Id.*

■ In this case, the issue of whether Marley intentionally copied any aspect of Gossen's '862 patent is in dispute. Therefore, the court must assume that Gossen could prove plagiarism. Nevertheless, having weighed the equities, the court does not believe that Gossen's weakly supported allegation of copying should prevent the application of the defense of laches. Gossen has not alleged that Marley contrived with a Gossen employee to copy the patent, *see, e.g., TWM Manufacturing Company. Inc. v. Dura Corporation*, 592 F.2d 346 (6th Cir.1979), or engaged in other egregious conduct. As another district court has observed:

> Plaintiff's allegations, if true, merely illustrate that there is always some measure of inequity in allowing an infringer to deprive a patent owner of royalties and other rights afforded by the patent. But that sort of inequity does not bar the assertion of a laches defense; it is simply a factor to be balanced against the alternative injustice of allowing the patent owner to press his rights after a lengthy delay.

*Coleman v. Corning Glass Works*, 619 F.Supp. 950, 955 (W.D.N.Y.1985), *aff'd*, 818 F.2d 874 (Fed.Cir.1987).

The court concludes that Gossen's six-year unjustified delay in filing suit, coupled with the resulting economic prejudice to Marley, outweighs any intentional copying on the part of Marley that Gossen may or may not be able to prove. If Marley did engage in egregious copying, that circumstance, plus its admitted refusal to provide Gossen with information about the manufacturing process for its challenged product, should have been an impetus for Gossen to file a timely suit rather than an excuse for delay. *See, e.g., E.T. Manufacturing Company v. Xomed. Inc.*, 679 F.Supp. 1082, 1086 (M.D.Fla.1987).

Because Gossen has failed to meet its burden of producing any evidence excusing delay or any affirmative evidence negating prejudice, laches *must* be inferred. *See Aukerman Company*, 960 F.2d at 1037. Consequently, the court will grant summary judgment in favor of Marley on the defense of laches.

## III. EQUITABLE ESTOPPEL

Next, Marley urges this court to rule that the doctrine of equitable estoppel bars all relief to Gossen. Again, the Federal Circuit has set forth the legal principles that govern this affirmative defense:

> Equitable estoppel to assert a claim is another defense addressed to the sound discretion of the trial court. *Jamesbury*, 839 F.2d at 1553, 5 USPQ2d at 1786;

*Olympia Werke,* 712 F.2d at 77, 219 USPQ at 110; *Studiengesellschaft Kohle,* 616 F.2d at 1325, 206 USPQ at 586. Where equitable estoppel is established, all relief on a claim may be barred. *Id.* Like laches, equitable estoppel is not limited to a particular factual situation nor subject to resolution by simple or hard and fast rules. At most, courts have provided general guidelines based on fact patterns which have been litigated, albeit attempting to provide a unifying set of principles.

The following statement of the underlying factual elements of equitable estoppel which generally are deemed significant reflects a reasonable and fairly complete distillation from the case law:

> An [equitable] estoppel case ... has three important elements. [1] The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. [2] The other relies upon that communication. [3] And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.

*Remedies* § 2.3, at 42. In other authorities, elements [2] and [3] are frequently combined into a single 'detrimental reliance' requirement. *See, e.g.,* 5 Chisum § 19.05[3], at 19–189. However, the statement of reliance and detriment as separate factors adds some clarity in this confusing area of the law.

*A.C. Aukerman Company,* 960 F.2d at 1041. *See also ABB Robotics, Inc. v. GMFanuc Robotics Corporation,* 52 F.3d 1062 (Fed. Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 306, 133 L.Ed.2d 211 (1995).

■■■■■ In contrast to laches, equitable estoppel focuses upon the reasonableness of the Defendant's conduct. *See A.C. Aukerman Company,* 960 F.2d at 1933 & 1043–44. And, unlike laches, no presumptions adhere to an estoppel defense. Thus, a party advancing an estoppel defense must prove each of the elements by a preponderance of the evidence. *See ABB Robotics,* 52 F.3d at 1063–64.

## A. MISLEADING CONDUCT

■■■■■ To prove the first element of equitable estoppel, the alleged infringer must prove that the patentee, through misleading conduct, has led the infringer to infer that it does not intend to enforce the patent. The patentee's misleading conduct may include specific statements, actions, inaction, or silence. *See ABB Robotics, Inc. v. GMFanuc Robotics Corporation,* 52 F.3d 1062, 1063 (Fed.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 306, 133 L.Ed.2d 211 (1995).

The Federal Circuit has explained that:

> The patentee's conduct must have supported an inference that the patentee did not intend to press an infringement claim against the alleged infringer. It is clear, thus, that for equitable estoppel the alleged infringer cannot be unaware—as is possible under laches—of the patentee and/or its patent. The alleged infringer also must know or reasonably be able to infer that the patentee has known of the former's activities for some time. In the most common situation, the patentee specifically objects to the activities currently asserted as infringement in the suit and then does not follow up for years. In *Dwight & Lloyd Sintering v. Greenawalt,* 27 F.2d 823 (1928) Judge Learned Hand noted that estoppel was regularly based on "no further assurance [that a known competitor would not be sued than] the patentee's long inaction." 27 F.2d at 827. There is ample subsequent precedent that equitable estoppel may arise where, coupled with other factors, a patentee's "misleading conduct" is essentially misleading inaction. *See Hottel Corp.,* 833 F.2d at 1573–74, 4 USPQ2d at 1941, and cases cited therein. However, plaintiff's inaction must be combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned. *Id.; A.C. Aukerman Co. v. Miller Formless Co.,* 693 F.2d at 701, 216 USPQ at 866; *Jensen v. Western Irrigation & Mfg. Inc.,* 650 F.2d 165, 169, 207 USPQ 817, 819 (9th Cir.1980); *Continental Coatings Corp. v. Metco, Inc.,* 464

F.2d 1375, 1379–80, 174 USPQ 423, 426–427 (7th Cir.1972).

*A.C. Aukerman Company v. R.L. Chaides Construction Company,* 960 F.2d 1020, 1042 (Fed.Cir.1992) (en banc).

■ Marley claims that Gossen engaged in misleading conduct by threatening to sue for patent infringement in 1990, then, after considering Marley's noninfringement arguments, remaining silent until it finally filed suit on March 27, 1996. *See* Appendix to the Memorandum in Support of the Motion of Defendant Marley Mouldings Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at Exhibits H–L. In addition, Marley says that Gossen set its own deadline for resolving the infringement issue only to let it expire. *See Id.* at Exhibit P.

The Plaintiff points out that Gossen's April 2, 1990, letter to Marley did not explicitly accuse Marley of infringement or threaten suit; nevertheless, the letter's clear implication was to put Marley on notice that Gossen believed Marley's Thermo*Stop product to be infringing and that it would enforce its rights in its '862 patent. *See Id.* at Exhibit H. Next, Marley sent Gossen a letter explaining its reasons for believing that its product was noninfringing. *See Id.* at Exhibit L. This letter was followed by a two-month exchange of correspondence in which Gossen attempted to obtain additional information from Marley and Marley refused to disclose the information. *See Id.* at Exhibits J–L. The correspondence abruptly ceased after Marley's letter of July 25, 1990, and correspondence regarding infringement did not resume until 1995. *See Id.* at Exhibit M. Meanwhile, Gossen allowed its patent to lapse for a time, only to revive it prior to filing suit.

■ The documents in this case show that Gossen was silent as to its patent rights from the time it complained to Marley about its Thermo*Stop product in 1990, until it filed suit in 1996. Silence alone, however, is not sufficient to give rise to estoppel. *See Hottel Corporation v. Seaman Corporation,* 833 F.2d 1570, 1573 (Fed.Cir.1987). The silence must be combined with other facts respecting the relationship or communication between the parties. *A.C. Aukerman Com-*

*pany,* 960 F.2d at 1042. The silence must be sufficiently misleading to induce the alleged infringer to infer that the patentee has abandoned its patent claims. *See Hottel Corporation,* 833 F.2d at 1574. In the cases that have applied intentionally misleading silence in the patent infringement context, a patentee threatened enforcement of its patent rights, but then did nothing for an unreasonably long time. *See Id.* (citing cases). In this case, the only possible reasonable inference to be drawn from the parties correspondence and from the ensuing years of silence is that Gossen did not intend to press an infringement claim against Marley. *See ABB Robotics, Inc. v. GMFanuc Robotics Corporation,* 52 F.3d 1062, 1064 (Fed.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 306, 133 L.Ed.2d 211 (1995); *Naxon Telesign Corporation v. Bunker Ramo Corporation,* 686 F.2d 1258, 1266 (7th Cir.1982); *R2 Medical Systems, Inc. v. Katecho, Inc.,* 931 F.Supp. 1397, 1417 (N.D.Ill.1996). Consequently, Marley has met its burden of establishing misleading conduct on the part of Gossen.

## B. RELIANCE

■ The second element a party invoking equitable estoppel must prove is reliance. Reliance is not a requirement of laches, but is essential to equitable estoppel. *See Heckler v. Community Health Services,* 467 U.S. 51, 59–66, 104 S.Ct. 2218, 2223–27, 81 L.Ed.2d 42 (1984). The Federal Circuit has explained that:

> The accused infringer must show that, in fact, it substantially relied on the misleading conduct of the patentee in connection with taking some action. Reliance is not the same as prejudice or harm, although frequently confused. An infringer can build a plant being entirely aware of the patent. As a result of infringement, the infringer may be unable to use the facility. Although harmed, the infringer could not show reliance on the patentee's conduct. To show reliance, the infringer must have had a relationship or communication with the plaintiff which lulls the infringer into a sense of security in going ahead with building the plant.

*A.C. Aukerman Company v. R.L. Chaides Construction Company,* 960 F.2d 1020, 1042–43 (Fed.Cir.1992) (en banc).

Marley asserts that it relied on its assumption that Gossen had decided not to sue when it increased its capital expenditures for manufacturing its Thermo*Stop product. *See* Appendix to the Memorandum in Support of the Motion of Defendant Marley Mouldings Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at Exhibit S.[3] Although Gossen questions whether all the expenditures claimed by Marley were directly attributable to the manufacture of the Thermo*Stop weatherstripping, it does not dispute that Marley invested heavily in its Thermo*Stop manufacturing operation after no suit was filed following the breaking off of the parties' 1990 correspondence.

The undisputed facts show that Marley was notified of Gossen's rights in its patent '862 and that, after communications with Gossen ceased, Marley was lulled by Gossen's inaction into a false sense of security resulting in its decision to increase its investment in the manufacture of its Thermo*Stop product. *See A.C. Aukerman,* 960 F.2d at 1042–43. These undisputed facts are sufficient to establish the reliance element of Marley's equitable estoppel defense.

## C. ECONOMIC PREJUDICE

Finally, the accused infringer must establish that it would be materially prejudiced if the patentee is now permitted to proceed to trial. As with laches, the prejudice may be a change of economic position or loss of evidence. *A.C. Aukerman Company v. R.L. Chaides Construction Company,* 960 F.2d 1020, 1043 (Fed.Cir.1992) (en banc). The change in the economic position of the alleged infringer must occur during the period it was misled. *See Id.* at 1033. And, the alleged infringer must prove that there is a nexus between the misleading conduct of the patentee and the economic or evidentiary prejudice it claims to have suffered. The change must be because of, and as a result of, the misleading conduct and not simply a business decision to capitalize on a market opportunity. *See Gasser Chair Company v. Infanti Chair Manufacturing Corporation,* 60 F.3d 770, 774 (Fed.Cir.1995). Therefore, the infringer's decision to expand its business, whether the expansion took the form of capital investments or increased sales, must be based upon what the patentee did or did not do. *See ABB Robotics, Inc. v. GMFanuc Robotics Corporation,* 828 F.Supp. 1386, 1395 (E.D.Wis.1993), *aff'd,* 52 F.3d 1062 (Fed.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 306, 133 L.Ed.2d 211 (1995).

Economic prejudice is shown by evidence of either loss of investment expenditures or damages which might have been prevented by an earlier suit. *See ABB Robotics, Inc. v. GMFanuc Robotics Corporation,* 828 F.Supp. 1386, 1396 (E.D.Wis.1993), *aff'd,* 52 F.3d 1062 (Fed.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 306, 133 L.Ed.2d 211 (1995). It is well-settled that the successful expansion of an infringer's business is itself the kind of prejudice which will support the defense of laches. *See Coleman v. Corning Glass Works,* 619 F.Supp. 950, 955 (W.D.N.Y.1985) (citing cases), *aff'd,* 818 F.2d 874 (Fed.Cir.1987). In addition, economic prejudice can be shown where an infringer could have switched to a noninfringing product had a suit been filed. *See Id.* Evidentiary prejudice arises where the defendant's ability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events undermines the court's ability to judge facts. *See A.C. Aukerman Company,* 960 F.2d at 1033.

Marley argues that it has incurred both economic and evidentiary prejudice because it was lulled into believing that Gossen would not sue for infringement of the '862 patent. In support of this position, Marley has submitted evidence showing that, between the time Gossen threatened to enforce its patent and the time it actually filed suit on March 27, 1996, Marley's sales of Ther-

---

**3.** Although the Declaration of Larry L. Davis, Marley's president, is largely conclusory, *Cf. Hall v. Aqua Queen Manufacturing. Inc.,* 93 F.3d 1548, 1558 (Fed.Cir.1996), Gossen has failed to point to anything in the record which would place Marley's claimed motivation in dispute.

mo*Stop increased by more than 300% and that Marley's capital improvements in the Thermo*Stop product line during that period exceeded $1.5 million. *See* Appendix to the Memorandum in Support of the Motion of Defendant Marley Mouldings Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at Exhibit S (Declaration of Larry L.Davis). Marley also says that, had Gossen commenced a timely lawsuit, it could have made changes to the Thermo*Stop product and manufacturing process. *See Id.* at Exhibits S & R. In addition, Marley claims to have suffered evidentiary prejudice because another competitor, which sold a product which may have been virtually identical to the '862 patent, has now been sold and the documents, sample products, and other items relevant to the infringement issue in this case are no longer available. *See* Declaration of Gerald Kessler.

Although Gossen has attempted to whittle down Marley's figures, it has been unable to shake the undisputed evidence that Marley's sales figures increased from $2,402,512 in total sales for 1990 to over $10,000,000 in total sales for 1995. In 1990, Marley operated only four extrusion lines for the manufacture of Thermo*Stop, while by 1996, there were twelve lines. *See* Appendix to the Memorandum in Support of the Motion of Defendant Marley Mouldings Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel at Exhibit S. This expansion of sales and manufacturing facilities occurred, in part, as a result of Marley's belief that Gossen had decided not to sue.

Based upon this showing, the court finds that Marley has met its burden of showing economic prejudice and a nexus between that prejudice and Gossen's misleading conduct. Thus, having established misleading conduct, reliance, and prejudice,[4] Marley is entitled to the benefit of equitable estoppel and the court will grant summary judgment on that ground.

---

4. In Part II D, above, the court has already considered and rejected the equities of Gossen's charge that Marley engaged in "cavalier copying."

### ORDER

For the reasons explained above, the court ORDERS that the "Motion of Defendant Marley Mouldings Inc. for Summary Judgment on the Grounds of Laches and Equitable Estoppel" (filed February 28, 1997) IS GRANTED. *See* Federal Rule of Civil Procedure 56.

IT IS FURTHER ORDERED that the "Motion of Defendant Marley Mouldings Inc. for a Pre–Trial '*Markman* Hearing' on Claim Construction and for Bifurcation of Liability and Damages Issues" (filed July 18, 1997) IS DENIED because it is no longer necessary.

IT IS FURTHER ORDERED that "Defendant Marley Mouldings Inc.'s Motion in Limine to Preclude Gossen From Arguing that Marley Copied Unpatented Features of Gossen's Products" (filed August 13, 1997) IS DENIED. Summary judgment is being granted in favor of the Defendant, so the motion is no longer necessary.

IT IS FURTHER ORDERED that "Defendant Marley Mouldings Inc.'s Motion in Limine to Exclude Witness Mr. Glenn Beall and to Strike Portions of His Expert Report" (filed August 13, 1997) IS DENIED. Summary judgment is being granted in favor of the Defendant, so the motion is no longer necessary.

IT IS FURTHER ORDERED that "Defendant Marley Moulding's Motion in Limine to Exclude Certain Testimony of Plaintiff's Expert Witness Mr. Glenn Beall and Strike Portions of His Expert Testimony" (filed August 13, 1997) IS DENIED.[5] Summary judgment is being granted in favor of the Defendant, so the motion is no longer necessary.

IT IS FURTHER ORDERED that "Defendant Marley Moulding's Motion in Limine to Exclude Presentation of Evidence By Gossen on the Doctrine of Equivalents" (filed August 18, 1997) IS DENIED. Because summary judgment is being granted in favor of the Defendant, this motion is unnecessary.

---

5. It appears that the movant mislabeled this second "motion" regarding witness Beall. The second "motion" is actually the brief in support of the motion. Nevertheless, due to the title, the document was docketed as an additional motion.

IT IS FURTHER ORDERED that Defendant Marley Mouldings Inc.'s counterclaim for attorney fees is dismissed upon its merits. *See* Federal Rule of Civil Procedure 12(b)(6). Nothing in the record supports a finding that this is an "exceptional case" under 35 U.S.C. § 285.

IT IS FURTHER ORDERED that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. *See* Federal Rule of Civil Procedure 58. This judgment shall provide that:

This action came on for hearing before the Court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED

that Plaintiff Gossen Corporation take nothing and that this action brought against Defendant Marley Mouldings Inc. is dismissed upon its merits and that the Defendant recover of the Plaintiff its costs of this action.

IT IS FURTHER ORDERED AND ADJUDGED

that the counterclaim brought by Defendant Marley Mouldings, Inc. against Plaintiff Gossen Corporation is dismissed upon its merits.